Filed 7/24/15  P. v. Hove CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062787 |
| v. | (Super.Ct.No. FWV1402020) |
| LISA LYNNE HOVE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Lisa Lynne Hove, in pro. per.; and Patrick M. Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL HISTORY

On September 5, 2014, in San Bernardino Superior Court case No. FWV1402020, defendant and appellant Lisa Lynne Hove pled no contest to one count of violating Health and Safety Code section 11352 (sale of a controlled substance).  Pursuant to the

1

plea agreement, the trial court sentenced defendant to seven years in county prison—a middle term of four years as to the substantive offense and three years additional, consecutive, for a prior drug sales convictions.

On the same day, defendant admitted violating her active probation in case No. FVA1300661, by suffering a new felony conviction, and received a concurrent sentence of five years.

Subsequently, defendant filed a petition to recall her sentence under Proposition 47 (Pen. Code, § 1170.18). On December 5, 2014, the trial court heard and denied defendant's petition because defendant failed to come within the statutory scheme of Proposition 47.

On January 20, 2015, the court received a letter from defendant indicating that she wanted to appeal. The trial court treated the letter as a notice of appeal and ordered that the appellate record be prepared.

**DISCUSSION**

After defendant appealed, and upon her request, this court appointed counsel to represent her. On January 25, 2015, counsel filed a brief under the authority of *People v. Wende* (1975) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief. On June 29, 2015, defendant filed a two-page handwritten letter brief in response to our

request. In her letter brief, defendant, in essence, contends that the trial court erred in denying her motion under Proposition 47.

On November 4, 2014, California voters approved Proposition 47, the "Safe Neighborhoods and Schools Act." In sum, Proposition 47: (1) requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; (2) requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property, and forging/writing bad checks, when the amount involved is $950 or less; (3) allows a felony sentence (excluding a defendant from a misdemeanor sentence) for the crimes specified above if a defendant has a prior conviction listed under Penal Code section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under Penal Code section 290; and (4) requires resentencing for defendants serving felony sentences for the crimes specified above unless the trial court finds an unreasonable public safety risk. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, pp. 35, 70; see e.g., Pen. Code, §§ 459.5, subd. (a), 473, subd. (b), 476a, subd (b), 490.2, subds. (a), (b), 496, subd. (a), 666, subds. (a), (b); Health & Saf. Code, §§ 11357, subd. (a), 11377, subds. (a), (b).) The initiative became effective on November 5, 2014. (Cal. Const., art. II, § 10, subd. (a) ["an initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise"].)

When assessing a claim under Proposition 47 on appeal, the first determination is whether the defendant was convicted of a felony offense that qualifies for misdemeanor sentencing. Here, defendant was convicted of sale of a controlled substance, to wit,

3

cocaine, under Health and Safety Code section 11352. Section 11352 was not amended by Proposition 47. Hence, defendant's conviction is ineligible for resentencing under Proposition 47. Defendant's claim, therefore, is without merit.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

KING
J.

4